Harry G. Herman, S.
A daughter of decedent and the sole income beneficiary of a residuary trust under the will of her father has instituted a proceeding to vacate a decree of this court dated March 9,1962 rendered in an independent proceeding for a construction. The court determined that the trustee was empowered to invade principal if in its opinion the income from the trust was insufficient for the proper support, maintenance, medical care and welfare of petitioner, regardless of the other income or capital resources of the petitioner (Matter of Connors, 225 N. Y. S. 2d 949).
The trustee contends that a prior decree made on August 11, 1961 settling the account of the executor is a bar to any invasion of principal for the period from August 29, 1958, the date of death of testator to August 11, 1961, the date of the decree settling the account.
The decree of August 11, 1961 settled the account of the executor but did not embrace any accounting by the trustee. No objections were filed to the account which reflected certain payments to the beneficiary but did not indicate whether such payments included principal invasions as well as payments of income although an analysis of the accounts would have disclosed that the executor had made payments to the beneficiary in excess of the income which she would have become entitled to receive as income. The beneficiary did not appear by an attorney and object to the account or raise any question as to her right to any invasions of principal and the decree settling the account did not therefore expressly determine any such question. Neither the decision nor the decree in the construction proceeding determined the date upon which authorized invasions of principal were to commence.
The accounting was not a combined executor’s and trustee’s accounting and did not therefore reflect the payment or transfer of any assets by the executor to the trustee during the period covered by the account. Neither the account nor the decree embraced any acts or omissions of the trustee. The decree settling the account is not a bar to the payment by the trustee of such amounts of principal as it may deem necessary in addition to those made by it as executor, from the date of death of testator to the date of the decree settling its account as executor. Under section 274 of the Surrogate’s Court Act the decree is conclusive as to all matters embraced in the account and the decree. Where there are issues that might have been raised but as to which both the account and decree are silent the parties are not concluded by the decree, since these matters are not embraced within the account. In approving the payments made to the *868 income beneficiary the decree did not expressly or impliedly limit the amount to which the executor or trustee was empowered to invade principal. No question is raised by the trustee as to the retroactive effect of the decree construing the will during the period commencing August 11,1961, the date of the accounting decree and March 14, 1962, the date of the decree in the construction proceeding.